```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

| | | |
|---|---|---|
| AMERICAN HOMES 4 RENT PROPERTIES TWO, LLC, | : : : | |
| Plaintiff-Respondent, | : : | CIVIL ACTION |
| v. | : : | NO. 1:15-CV-00686-ODE-ECS |
| CHARLES D. BOYD and STEFFANI B. BOYD, | : : : : | |
| Defendant-Petitioners. | : : | |

## ORDER, FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above-styled case is a dispossessory action originally filed in the Magistrate Court of Coweta County by American Homes 4 Rent Properties Two, LLC, ("Respondent"). The state magistrate court dispossessory action seeks to evict Steffani B. Boyd ("Petitioner") and Charles D. Boyd from the premises located at 4 Woodshire, Newnan, Georgia, 30265, for nonpayment of rent. [Doc. 1-2 at 2-3]. Petitioner, proceeding pro se, is seeking to remove this state case to federal court. This matter is presently before the Court on Petitioner's application to proceed in forma pauperis. [Doc. 1].

Petitioner's affidavit of indigency states that she earned no average monthly income during the past twelve months. [Doc. 1 at 1-2]. Petitioner listed her employment history over the past two years as "Stay at Home/Home School." [Id. at 2]. Petitioner failed to

respond to questions regarding her spouse's employment history for the past two years, the amount of money she has in cash or financial institutions, any assets she or her spouse own, and whether any person or organization owes her or her spouse money. [Id. at 2-3]. She reports that she has no monthly expenses. [Id. at 5].

After consideration by the Court of Plaintiff's affidavit of indigency, her request to proceed in forma pauperis is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). Service **SHALL NOT, HOWEVER, ISSUE** at this time. Because the Court does not have original jurisdiction over the claims made in state court that Petitioner seeks to remove, the undersigned **RECOMMENDS** that this action be **DISMISSED** and **REMANDED** to the Magistrate Court of Coweta County pursuant to 28 U.S.C. § 1447(c).

## I.
## Discussion

**A. Basics of Removal Jurisdiction**

Twenty-eight U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c). Therefore, this Court has the power and obligation to inquire, sua sponte, into the possibility that jurisdiction may be lacking. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005)(citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)).

In removal cases, the party seeking removal has the burden to demonstrate that federal jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally." Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441). A case may be brought originally in federal district court only if there is diversity jurisdiction or federal question jurisdiction. See 28 U.S.C. §§ 1331, 1332.

**B. Federal Question Jurisdiction**

Federal question jurisdiction exists if the case arises under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question

3

jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc . v. Williams, 482 U.S. 386, 392 (1987)(citations omitted).[1] Thus, in determining whether federal question jurisdiction is present, potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Likewise, "a counterclaim ... [may not] serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys.,

---

[1] Under rare circumstances, the complete preemption doctrine provides an "independent corollary" to the well-pleaded complaint rule for determining whether a federal court has subject matter jurisdiction. See Caterpillar, Inc., 482 U.S. at 393. Where "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,'" such a claim "arises under" federal law and thus provides the court with subject matter jurisdiction. Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). The Supreme Court, however, has only recognized complete preemption of state law claims under three federal laws: 1) the Labor Management Relations Act, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 558 (1968); 2) the Employee Retirement Income Security Act, Metro. Life Ins. Co., 481 U.S. at 65-66; and 3) the National Bank Act, Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-11 (2003). In this case, it appears that no claim has been made under any of these three federal laws. Therefore, the complete preemption exception to the well-pleaded complaint rule is not applicable.

Inc., 535 U.S. 826, 831 (2002). "The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983).

Here, Petitioner's "Notice of Removal" suggests that Petitioner asserts jurisdiction based on the existence of a federal question. See [Doc. 1-1]. But, from a review of the "Petition for Writ of Possession" form attached to the petition, it appears that the Plaintiff-Respondent relied exclusively on state law in filing the action in the Coweta County Magistrate Court seeking to dispossess her. See [Doc. 1-2 at 2-3]. In the notice of removal, Petitioner alleges that she "specifically complains on matters which go to related federal questions..."; and "complains of various systematic and premeditated deprivations of fundamental Rights guaranteed by the U.S. Constitution, by the Constitution of the State of GEORGIA, ... and by federal law, and which deprivations are violations of 18 U.S.C. §§ 241 and 242." [Doc. 1-1 at 6-7]. Petitioner also states that she "has been denied the constitutional right to a jury trial." [Id. at 7]. Under a heading entitled "Summary and Prayer," it appears Petitioner also contends that Respondent's initiation of dispossessory proceedings in state court was unlawful. [Id. at 8].

Dispossessory proceedings are typically matters of state law, and Petitioner has not alleged, nor does the Coweta County document show, that the Plaintiff-Respondent relied upon any federal statute in that proceeding. Although Petitioner alleges violations of federal laws and the United States Constitution, [id.], a case may not be removed to federal court on the basis of a federal defense, see Caterpillar, 482 U.S. at 393, or on the basis of a federal counterclaim, see Vornado, 535 U.S. at 831.

Thus, absent a federal question presented on the face of Respondent's well-pleaded complaint, Petitioner cannot properly remove the action on the basis of federal question jurisdiction. Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430; see also Wachovia Mortg. Assoc. v. Lee, No. 1:11-CV-304-TWT-RGV, 2011 WL 976629 (N.D. Ga. Feb. 4, 2011) (remanding dispossessory action to state court for lack of subject matter jurisdiction); Bank of N.Y. v. Wilson, No. 1:08-CV-332-TWT, 2008 WL 544741 (N.D. Ga. Feb. 25, 2008) (same); HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-CV-2480-WSD-JFK, 2007 WL 3005337 (N.D. Ga. Oct. 12, 2007) (same).

## C. Diversity Jurisdiction

Likewise, there is no basis for diversity jurisdiction. Diversity jurisdiction exists between parties who are citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, Petitioner alleges that both she and

Plaintiff-Respondent are citizens of Georgia on the civil cover sheet, [Doc. 1-2 at 1]. Petitioner has, therefore, failed to carry her burden of at least alleging diversity of citizenship as a basis for her removal petition.

Moreover, even if the parties were diverse, Plaintiff-Respondent's state claim "is nothing more than a request for possession of real property belonging to it and a prayer for a small amount of rent and costs well below the $75,000 threshold" required under 28 U.S.C. § 1332. Wesley Apartment Homes, Inc. v. Andrews, No. 1:10-CV-3005-TWT-LTW, 2010 WL 5690356 at *2 (N.D. Ga. Dec. 7, 2010); see [Doc. 1-1 at 8]. Accordingly, Petitioner may not remove this case from state court based on diversity jurisdiction.

**D. Procedure for Removal**

Petitioner's attempt to remove this action from the Magistrate Court of Coweta County is also procedurally defective, and remand would be required on this basis as well. The procedure for removal under § 1446 requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, Charles D. Boyd and Steffani B. Boyd are both named defendants in the Coweta County dispossessory action and the District Court case. [Docs. 1-2 at 2, 1-3 at 2]. As a properly served defendant in the state court action, Mr. Boyd must join or consent to Petitioner's removal. It does not

7

appear from Petitioner's filings that Mr. Boyd has joined or consented to Petitioner's removal. In fact, only Ms. Boyd has signed the "Notice of Removal." See [Doc. 1-1]. Thus, "all defendants who have been properly joined and served" have not joined in or consented to removal of this action, making the action subject to remand on this procedural ground as well. See 28 U.S.C. § 1446(b)(2)(B) (notice of removal must be filed within thirty (30) days after receipt by defendant of initial pleading).

## II.
## Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks subject matter jurisdiction. Accordingly, **IT IS RECOMMENDED** that the Clerk be **DIRECTED** to **REMAND** this action to the Magistrate Court of Coweta County. Petitioner's request to proceed in forma pauperis is **GRANTED** for the purpose of remand only.

The Clerk is **DIRECTED** to terminate the reference to the undersigned in this matter.

**SO ORDERED, REPORTED AND RECOMMENDED,** this 16th day of March, 2015.

>　　　　　　　　　　　　　　　　/s/ E. Clayton Scofield III
>　　　　　　　　　　　　　　　　E. CLAYTON SCOFIELD III
>　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE