IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMERICAN HOMES 4 RENT
PROPERTIES TWO, LLC,

        Plaintiff,

v.

CHARLES D. BOYD, STEFFANI B.
BOYD, and All Others,

        Defendants.

1:15-cv-686-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of Coweta County, Georgia.

### I.  BACKGROUND

On June 2, 2014, Plaintiff American Homes 4 Rent Properties Two, LLC ("Plaintiff") initiated a dispossessory proceeding against its tenants, Defendants Charles D. Boyd and Steffani B. Boyd ("Defendants") in the Magistrate Court of Coweta County, Georgia.  The Complaint asserts that Defendants are tenants at

sufferance following a foreclosure sale of the Property and seeks possession of premises currently occupied by Defendants.[1]

On March 9, 2015, Defendants, proceeding *pro se*, removed the Coweta County action to this Court by filing their Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].[2]  Defendants appear to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action.  Although largely incomprehensible, Defendants, in their Notice of Removal, claim that Plaintiff violated "the Bill of Rights, the Ninth Amendment, the Eleventh Amendment, the original Thirteenth Amendment, the Fourteenth Amendment, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations."  (Notice of Removal [1.1] at 2).  Defendants also assert counterclaims for "wrongful dispossessory."  (Id. at 8).

On March 16, 2015, Magistrate Judge Scofield granted Defendants' application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court

---

[1]     No. 2014CI01767.
[2]     It appears that this action was removed by both Defendants, although the Court notes that only Steffani B. Boyd signed the Notice of Removal and IFP Application.

remand the case to the Magistrate Court of Coweta County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  The Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on diversity of citizenship.  The Magistrate Judge found that Defendants failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B.     Analysis

Defendants do not object to the R&R's finding that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  The Court does not find any plain error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendants are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009) ("Where former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance," and are

thus subject to a dispossessory proceeding under O.C.G.A. § 44-7-50); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendants did not object to this recommendation and the Court finds no plain error in it.[3, 4]

---

[3] To the extent Defendants seek to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so.  Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

[4] To the extent Defendants claim removal under Section 1443 based on "various systematic and premeditated deprivations of fundamental Rights [sic] guaranteed by the U.S. Constitution of the State of GEORIGIA [sic]," ([1.1] at 6-7) these broad assertions of general constitutional violations are "phrased in terms of

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of Coweta County, Georgia.

**SO ORDERED** this 19th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands." See Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Rachel, 384 U.S. at 788 (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1362 (N.D. Ga. Nov. 5, 2001) ("There is no cognizable claim for a civil rights violation presented in this case . . . [because] [t]here is no reference in any pleading to 'any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'"). Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.